IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BYRON JOSEPH KNOX, # 13713-058                                        PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 3:18-CV-889-DPJ-FKB

ANTHONY JOSEPH CHAMBERS,
WARDEN C. RIVERS, DR. R. NEWLAND,
NURSE S. MCCOY, NURSE JOHNSON,
NURSE HUFF, ADMINISTRATOR E.
PORTER, ZACHARY MYRICK, NURSE E.
MICOU, and NURSE TWINER                                               DEFENDANTS

## ORDER OF PARTIAL DISMISSAL

This pro se prisoner case is before the Court, sua sponte, for consideration of dismissal. Plaintiff Byron Joseph Knox is incarcerated with the Federal Bureau of Prisons, and he brings this action challenging the conditions of his prior confinement at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"), under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has considered and liberally construed the pleadings. As set forth below, the § 1983 claims, as well as the *Bivens* claims against Defendants Zachary Myrick and Nurse Twiner, are dismissed.

I.      Background

Knox is currently incarcerated at the Federal Correctional Institution in Ashland, Kentucky. At the time Knox filed this suit, he was housed at FCI-Yazoo City. Defendants include correctional staff and medical personnel employed at that prison as well as a private medical provider. Defendants Doctors Anthony Joseph Chambers and R. Newland; Warden C. Rivers; Nurses S. McCoy, Johnson, Huff, E. Micou, and Twiner; and Administrator E. Porter are all employed at the federal prison. Defendant Zachary Myrick is a private healthcare provider

employed by Buckner Prosthetics and Orthotics in Jackson, Mississippi.  Plaintiff generally alleges a denial of medical care and verbal harassment.

Knox first alleges that he is a diabetic and was prescribed "custom bilateral orthopaedic shoes with custom molded inlays to help prevent the pronation of the foot and ankle and . . . treat his bilateral bunions" on both feet.  Compl. Ex. [1-1] at 1.  For this foot condition, Plaintiff was referred to Myrick.  Myrick allegedly provided orthopedic shoes, but Knox contends that they were two and a half sizes too big.  Knox claims that he was denied the correct size and was also denied heel cups and replacement insoles by Nurse McCoy, Dr. Chambers, Myrick, Nurse Micou, and Nurse Johnson.  Knox alleges that the insoles were supposed to be replaced every two months.  Knox also maintains that Dr. Newland refused to provide him with the correct size shoes and replacement insoles.  Nurse Huff purportedly did not issue Knox a new "soft shoe pass."  Pl.'s 3d Am. Compl. Ex. [7-1] at 1.  Administrator Porter is alleged to have denied Knox the insoles and heel cups.  Knox further claims that he has athlete's foot for which he was denied fungal cream by Nurse McCoy and Dr. Chambers.

Knox says he developed sores and cuts on his feet because Defendants denied him the correct shoes and fungal cream.  Dr. Chambers and Nurses Micou and Johnson allegedly denied Knox pain medicine and ointment to treat these additional issues.  Knox also says Warden Rivers knew about his painful feet, but he was still denied treatment for approximately one year.

Besides trouble with his feet, on February 4, 2019, Knox claims he had a rash all over his body.  Nurse Micou allegedly refused to treat him.  Finally, Knox claims that Nurse Twiner "harass[ed] me so bad[ly] and pick[ed] with me every day she work[ed]."  Pl.'s 3d Resp. [24] at 3.

2

Knox filed this action on December 27, 2018, specifically invoking "[42 U.S.C. §] 1983 Bivens Civil Right[s]." Pl.'s Ltr. [31]. Knox seeks injunctive relief and damages.

II. Discussion

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Knox to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

A. Claims Against Zachary Myrick

First, Knox sues Myrick, a private medical provider, under both § 1983 and *Bivens*. To establish a claim under § 1983, the plaintiff must show the defendant acted under color of *state* law. 42 U.S.C. § 1983. Here, Myrick acted under a contract with the *federal* government, so § 1983 is inapplicable. *Sandoval v. Wackenhut Corr. Corp.*, No. 93-8582, 1994 WL 171703 at

3

*2 n.3 (5th Cir. Apr. 28, 1994) (rejecting federal inmate's § 1983 claim against company acting pursuant to a contract with the federal government). Knox cannot sue Myrick under § 1983.

A federal inmate may, however, assert a conditions-of-confinement claim under *Bivens*, as Knox does here. To state a *Bivens* claim, Knox must allege that an individual acting under federal law deprived him of a right secured by the United States Constitution. *Bivens*, 403 U.S. at 395–97.

In *Minneci v. Pollard*, the United States Supreme Court addressed whether *Bivens* applies to claims asserted by a federal prisoner seeking relief against individual employees of a private prison. 565 U.S. 118 (2012). The plaintiff in that case was a federal inmate, housed at a private facility, who sought relief against its employees for withholding adequate medical care. *Id.* at 121. The Court declined to extend *Bivens* in this situation, because the plaintiff could seek a remedy under state tort law. *Id.* at 120–21. Specifically, the Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* at 131.

Like the plaintiff in *Minneci*, Knox is a federal prisoner attempting to sue an employee of a private, independent contractor, for a denial of medical care under the Eighth Amendment. In this case, the contractor is a medical provider. Mississippi tort law includes a claim for medical malpractice. *Hyde v. Martin*, 264 So. 3d 730, 736 (Miss. 2019). Since Myrick is a private medical provider, and state tort law provides a damages action for the kind of conduct alleged against Myrick, Knox cannot maintain this *Bivens* medical claim against him. The federal claims

4

against Myrick are therefore dismissed as frivolous and for failure to state a claim against him upon which relief could be granted.

That said, the Court must liberally construe Knox's pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And here, he mentions a state-law negligent-infliction-of-emotional-distress claim against Myrick. Pl.'s 2d Resp. [23] at 1. That state-law claim survives this early screening process.

B. Federal Employees

1. Section 1983 Claims

The remaining Defendants allegedly work for FCI-Yazoo City. Like Myrick, they are federal actors who may be sued under *Bivens* but not § 1983. *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999).

2. *Bivens* Claim Against Nurse Twiner

Knox's *Bivens* claim against Nurse Twiner is based on alleged unspecified verbal harassment. Generally, mere allegations of harassment do not suffice to establish an Eighth Amendment claim. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (holding verbal abuse and being made to once beg for food was not actionable under § 1983); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (holding "mere threatening language and gestures . . . do not, even if true, amount to a constitutional violation") (quoting *Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977)). Knox claimed only that Nurse Twiner would harass and pick on him every day that she worked. The claim against Twiner is therefore dismissed as frivolous and for failure to state a claim upon which relief could be granted.

III.     Conclusion

For these reasons, all claims against Nurse Twiner and all claims under 42 U.S.C. § 1983 are dismissed with prejudice.  All federal claims against Defendant Zachary Myrick are dismissed with prejudice, and the Court will exercise supplemental jurisdiction over the state-law claims against him.

**SO ORDERED AND ADJUDGED** this the 13th day of November, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
