IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BYRON JOSEPH KNOX                                                               PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:18cv889-DPJ-FKB

DR. ANTHONY J.
CHAMBERS, et al.                                                              DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a *Bivens*[1] action brought by a federal prisoner previously incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo).[2] Byron Joseph Knox alleges that Defendants, prison officials and medical staff at FCC-Yazoo, failed to provide him adequate medical care. Before the Court is Defendants' motion for summary judgment [56] and Plaintiff's response [58]. Having considered the submissions of the parties, the undersigned recommends that the motion be granted and this action dismissed with prejudice.

Plaintiff's claim concerns treatment for foot problems. He contends that medical officials at FCC-Yazoo failed to provide him with appropriate soft shoes, soft shoe insoles, and other foot treatment. He also states in his complaint that prison staff violated his First Amendment rights by failing to respond to his grievances and requests for relief. To the extent that this latter allegation is an attempt to assert a freestanding claim separate from the claim for denial of medical treatment, such a claim fails as a matter of law. The mere failure to respond to a request for a remedy does not, in itself,

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971).

[2] Plaintiff is currently housed at the Federal Correctional Institution in Milan, Michigan.

constitute a denial of a constitutional right, because there is no constitutional right of access to an administrative grievance procedure.  *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)

Defendants contend that Plaintiff has failed to exhaust his administrative remedies with regard to his medical claim.  The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil action about prison conditions first exhaust available administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).  Furthermore, the exhaustion requirement "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In support of their motion, Defendants have submitted the declaration of Lisa Singleton, the Bureau of Prisons (BOP) employee responsible for processing administrative remedy requests at FCC-Yazoo, along with relevant portions of Plaintiff's file.  Ms. Singleton states in her affidavit that she has reviewed Plaintiff's administrative remedy history through July 2, 2019, and has identified two remedy series filed by Plaintiff concerning his soft shoes and medical care:  Remedy ID 961934 and remedy ID 967749.  [56-1] at 3-4, [56-2] at 7, 9.

For the former of these, Plaintiff completed the first two steps of the BOP's four-step administrative remedy process.[3]  [56-1] at 3.  However, his BP-10 (the document

---

[3] The BOP's administrative remedy process is as follows.  First, an inmate must attempt to informally resolve the issue with the staff.  28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate

required at the third step) was rejected because it was illegible.  *Id.*  Plaintiff filed a second and third BP-10, but these were also rejected as illegible.  *Id.*  He was given the opportunity to resubmit, but Plaintiff made no more attempts.  *Id.*

Plaintiff completed the first three steps for remedy ID 967749, properly filing a BP-9 and a BP-10.  *Id.* at 4.  However, when he attempted to proceed to step four, his BP-11 was rejected because he had failed to meet the procedural requirement of attaching a copy of his BP-9.  *Id.*  Plaintiff submitted a second BP-11, but it was rejected for the same reason.  *Id.*  The office of the general counsel gave Plaintiff additional time in which to cure the defect and resubmit, but Plaintiff failed to do so.  *Id.*

In his response to the motion, Plaintiff insists that he properly exhausted his claim, and he says he has previously provided the Court with paperwork that corroborates his contention.  The undersigned has thoroughly reviewed the numerous letters and documents filed by Plaintiff in this case and concludes that nothing in these submissions establishes that Plaintiff completed all four steps of the administrative remedies process for any claim concerning medical care.[4]

---

must submit a formal written request (form BP–9) to the warden within twenty days after the date on which the basis for the request occurred. 28 C.F.R. § 542.14. If the inmate is not satisfied with the warden's response, he may proceed to step three by submitting an appeal (form BP–10) to the regional director within twenty days of the date of the warden's response. 28 C.F.R. § 542.15. Finally, if the inmate is not satisfied with the regional director's response, the inmate may submit an appeal (form BP–11) to the general counsel within thirty days of the regional director's response. 28 C.F.R. § 542.15. An inmate has not exhausted his administrative remedies until his claim has been denied at all levels.

[4] One document consists of a letter [6] with what appears to be an attempt to file a regional appeal regarding medical care, along with a rejection notice stating that Plaintiff must first file a BP-9 at the facility level.  Several of the other filings [7], [9], [10], and [11] have as attachments requests for informal resolutions.  The documents filed at [13-1] relate to Remedy ID 961934.

Plaintiff also argues that he has had difficulties receiving responses to requests for remedies, and his ARP file indicates that he has complained about this issue. It is true that inmates are required only to exhaust remedies that are "available" to them. *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015). However, Plaintiff has failed to establish that he was hindered in pursuing the two requests for remedies that he filed concerning the issues in this lawsuit, and the record reflects that his failure to exhaust was because of procedural defects in his own filings and his failure to resubmit compliant documents even when given extensions for doing so. In short, he has failed to show that administrative remedies were unavailable to him.

Because Defendants' uncontroverted evidence establishes that Plaintiff failed to exhaust his administrative remedies, the undersigned recommends that the motion be granted and the complaint dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of December, 2020.

                                              s/ F. Keith Ball
                                              United States Magistrate Judge